UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL GALLANT, | ) |
| Petitioner, | ) |
| v. | ) No. 1:20-cv-00609-TWP-TAB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, Daniel Gallant's motion for relief under 28 U.S.C. § 2255 must be **denied** and this action **dismissed**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

In 2005, Gallant pled guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a) ("Count 3") and one count of carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) ("Count 4"). *United States v. Gallant*, 1:04-cr-00149-TWP-TAB-1 ("Crim. Dkt."), dkt. 1. He was subject to a higher mandatory minimum sentence under § 841(b) because the United States filed an Information under 21 U.S.C. § 851 identifying at least one of Gallant's prior felony drug convictions.[1] *Id.*; *see also* Crim. Dkt. 52 at 8-11 (listing adult convictions). As a result of the § 851 Information, Gallant received a 20-year statutory mandatory minimum sentence for Count 3 and a consecutive 5-year sentence for Count 4. Crim. Dkt. 1.

---

[1] Due to the age of Gallant's criminal case, an original copy of the Information is not readily available, so it is unclear what prior conviction was identified in the Information.

1

Gallant did not appeal his conviction or sentence. On February 24, 2020, Gallant filed a § 2255 motion challenging the use of a prior conviction to enhance his sentence. Dkt. 1. He contends that all of his prior convictions are overbroad and thus cannot be used to enhance his sentence under § 841(b). *See* dkt. 15 at 2-7. The United States argues that Gallant's § 2255 motion is both untimely and meritless. Dkt. 29.

## II. Discussion

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). However, the Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). That period runs from any of the following four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Gallant asserts two avenues for finding that his motion falls within § 2255(f). One is that § 2255(f)(4) applies because the challenge to his conviction relies on *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019), and he did not become aware of this decision until January 2020. Dkt. 1 at 11; *see also* dkt. 5. The other is that § 2255(f)(3) applies because his challenge is based

on the Supreme Court's decision in *Shular v. United States*, 140 S. Ct. 779 (2020), which was issued on February 26, 2020. Dkt. 26; dkt. 30 at 2. Gallant's § 2255 motion is not timely under either theory.

Section 2255(f)(4) allows the one-year statute of limitations to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4); *see also Clarke v. United States*, 703 F.3d 1098, 1099-1100 (7th Cir. 2013). Gallant contends that he discovered the "facts" supporting his claim when he learned of the *De La Torre* decision in January 2020. *See* dkt. 1 at 11. But, a court decision is a "fact" for purposes of § 2255(f)(4) only if it is decided in a petitioner's "own litigation history." *Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007). To conclude "that any decision by any court on any issue could constitute a factual predicate would swallow up the specifically delineated limitations" in § 2255(f). *Id.* at 576. Because *De La Torre* was not decided as part of Gallant's litigation history, he cannot rely on it as a starting point for the one-year statute of limitations. Gallant's § 2255 motion is not timely under § 2255(f)(4).

Gallant's § 2255 motion is also not timely under § 2255(f)(3). Section 2255(f)(3) starts the one-year statute of limitations from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Gallant alleges that his challenge to his conviction is based on *Shular v. United States*, 140 S. Ct. 779 (2020), a Supreme Court decision issued in February 2020. Dkt. 26. His argument is unavailing, however, because his challenge to his conviction is not based on *Shular*.

In *Shular,* the Supreme Court "clarified its categorical-approach jurisprudence" and held that a "conduct-based method[] applies to determining whether a state offense" triggers the

sentence enhancements in one subsection of the Armed Career Criminal Act. *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020). Gallant does not challenge the categorical methodology used to determine whether his prior convictions trigger the sentence enhancements in § 841(b). Rather, he alleges that his prior convictions are overbroad. Dkt. 1. Such an argument arises from *Taylor v. United States*, 495 U.S. 575 (1990), not *Shular*. *Ruth*, 966 F.3d at 646-647 (noting that courts use *Taylor*'s categorical approach to determine if prior convictions qualify for the sentence enhancement in § 841 and that the Seventh Circuit "employed the conduct-based categorical methodology" prior to the Supreme Court's clarification in *Shular*); *see also Gamboa v. Daniels*, ___ F.4th ___, 2022 WL 443624, at *3 (7th Cir. Feb. 14, 2022) (same). *Shular* cannot provide a basis for starting the one-year statute of limitations for Gallant, and his § 2255 motion therefore is untimely.

Gallant has not established that his § 2255 motion is timely under § 2255(f), so his motion should be denied as untimely. Gallant may consider filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in his district of incarceration.

### III. Conclusion

Gallant's § 2255 motion is untimely. The motion is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue, and the Clerk **shall docket a copy of this Order in No. 1:04-cr-149-TWP-TAB-1**. The motion to vacate, Crim. Dkt. [2], shall also be **terminated** in the underlying criminal action.

### IV. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v.*

4

*Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Gallant has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date:   3/1/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel